UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ONLY PROPERTIES, LLC,

PLAINTIFF,

-v.-

HAYLEY LOWE,

DEFENDANT.

CASE NO. 26-CV-02233

**COMPLAINT**

Plaintiff Only Properties, LLC ("Plaintiff"), by and through its counsel, for its Complaint against defendant Hayley Lowe ("Defendant"), avers as follows:

## NATURE OF THE CLAIMS

1.    Plaintiff brings this action against Defendant for Defendant's multiple breaches of the residential lease between the parties, which caused Plaintiff damages in excess of $75,000.

## PARTIES, JURISDICTION, AND VENUE

2.    Plaintiff is a New York limited liability company and the owner of 510 Broome Street, New York, New York ("Building" or "510 Broome"), which is a mixed-use building with two commercial stores on the ground level and twelve (12) residential apartments above the commercial stores.  Plaintiff's principal place of business is 70 Lafayette St., 5th Fl., New York, New York 10013.

3.    Defendant was a residential tenant of the Sixth Floor West Loft (6W) ("demised premises") in the Building.  Upon information and belief, she currently resides at 100 Water Park Road, Wimberly, Texas, 78676, and is a citizen of the State of Texas.

4.    This Court has jurisdiction pursuant to 28 U.S. Code § 1332 (diversity).

1

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and/or a substantial part of property that is the subject of the action is situated.

## FACTS

### I.      Lease Obligations And Remedies

6.      Defendant took possession of the demised premises pursuant to a lease dated July 20, 2021 ("Lease").  She then executed several renewal leases, the last of which commenced on August 1, 2024 and ended on July 31, 2025, at a rental rate of $5,600 per month.

7.      Pursuant to ¶ 41 of the Lease as extended, Defendant promised to pay rent on the 1st of each month and in the event she failed to do so within five (5) days of the due date, then Plaintiff could charge a late fee of 1.5% of the sum due, each month, as additional rent.

8.      Pursuant to ¶ 22 of the Lease as extended, Defendant promised to quit and surrender the demised premises to Plaintiff at the end of the Term, in broom-clean condition, with all of Defendant's property removed.

9.      Pursuant to ¶ 32 of the Lease as extended, Defendant promised that in the event she defaulted in any of her Lease obligations, Plaintiff could apply her $5,600 security deposit for any sum as to which Defendant is in default.

10.     Pursuant to ¶ 19 of the Lease as extended, Defendant promised that in the event Plaintiff brought any action or proceeding based upon her defaults, Defendant would pay for Plaintiff's reasonable attorneys' fees in the event Plaintiff prevailed.

### II.     Defendant Breached Her Obligations Under The Lease As Extended

#### A.      Rent & Late Fees

11.     Defendant failed to pay rent as follows:

May2025        Rent $5,600.00

June 2025       Rent $5,600.00

July 2025       Rent $5,600.00

12.     Additionally, despite the July 31, 2025 expiration date of her renewal lease, Defendant failed to vacate the demised premises on time and held over until on or about August 26, 2025.  The fair market value of the demised premises based on similar units in the building is $7,500 per month.  Defendant is therefore liable to Plaintiff for August 2025 fair market use and occupancy ("U&O") in the amount of $7,500.

13.     Consequently, Defendant is liable to Plaintiff for her failure to pay rent and use and occupancy, plus late fees, as follows:

May2025        Rent $5,600.00 + ($5,600.00 x 1.5%) =  $5,684

June 2025       Rent $5,600.00 + ($5,600.00 x 1.5%) =  $5,684

July 2025       Rent $5,600.00 + ($5,600.00 x 1.5%) =  $5,684

August 2025   Fair Market U&O = $7,500

**Total:  $24,552.00.**

**B.     <u>Damages To The Demised Premises</u>**

14.     Defendant rented a newly renovated apartment and failed to leave the demised premises in broom-clean condition with her property removed as required by the lease agreement. Instead, when Plaintiff re-took possession on August 28, 2025, Plaintiff discovered that Defendant had materially damaged the demised premises.

15.     Among other things, Plaintiff discovered that Defendant:

(i)      left the windows wide-open, allowing water to penetrate the demised premises and damage the window sills requiring their removal and complete replacement;

(ii)    damaged and stained the wood floor requiring its replacement, by allowing water to penetrate into the demised premises;

(iii)    broke two closet doors requiring their replacement;

(iv)    damaged the medicine cabinet by covering it with an unknown liquid, requiring its replacement;

(v)    damaged the base heater covers by severely denting them, requiring their replacement;

(vi)    damaged the kitchen cabinets, requiring their deep cleaning;

(vii)    destroying the refrigerator, requiring its replacement;

(viii)    destroying the dishwasher, requiring its replacement;

(ix)    destroying the stove, requiring its replacement;

(x)    damaging the wood base on the walls of the demised premises, requiring their replacement.

16.    In sum, Plaintiff estimates the total cost of fixing the damages Defendant caused is $61,985.26.   Plaintiff is currently in the process of completing the work.

17.    On September 8, 2025, pursuant to New York General Obligations Law § 7-108(1-a)(e), Plaintiff timely notified Defendant that it was retaining her $5,600 security deposit. Therefore, after deducting the security deposit, Defendant owes Plaintiff **$56,385.26** for the damage she caused to the demised premises.

18.    Additionally, Defendant was responsible for maintaining her own account with Con Edison for electric and gas, which she failed to pay for numerous months, causing Con Edison to remove the gas meter, all unbeknownst to Plaintiff until Plaintiff attempted to open its own renting-only-purposes ("RPO") account.

4

19.   Due to the extensive damages to the demised premises, and Plaintiff's inability to provide heat without a gas meter, Plaintiff has been unable to re-rent the demised premises.  The fair market value of the demised premises based on similar units in the building is $7,500 per month.  Consequently, Defendant should be held liable for damages for the months of September 2025 through the present (March 2026), at the rate of $7,500 per month, totaling **$52,500,** or an amount to be determined at trial.

20.   Plaintiff diligently mitigated its damages.

**C.**   **Attorney's Fees**

21.   In the event Plaintiff is the prevailing party in this action, Plaintiff is entitled to recover its reasonable attorney's fees from Defendant, in an amount to be determined by the Court.

**III.**   **Plaintiff's Performance**

22.   Plaintiff performed its obligations under the Lease as extended.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

23.   Plaintiff reiterates and re-alleges all allegations above as though fully set forth herein.

24.   The parties signed a Lease which is a contract.

25.   Defendant breached the Lease as extended by, inter alia, failing to pay rent, failing to quit and surrender the demised premises by the expiration of the Term, and damaging the demised premises.  Additionally, the scope and extent of the damage Defendant caused, precluded Plaintiff from re-renting to date.

26.   Plaintiff performed its obligations under the Lease as extended.

27.   Plaintiff diligently mitigated its damages.

28. As a direct and proximate cause of Defendant's breaches, Plaintiff has been damaged in the amount of at least $24,552.00 in unpaid rent and U&O, $56,385.26 in construction costs to repair and restore the premises, and $52,500.00 in lost rent damages, totaling at least $133,437.26.

## SECOND CAUSE OF ACTION
### (Attorney's Fees)

29. Plaintiff reiterates and re-alleges all allegations above as though fully set forth herein.

30. ¶ 19 of the Lease as extended entitles Plaintiff to recover its reasonable attorney's fees in the event Plaintiff is the prevailing party in this action.

31. Consequently, Defendant is liable to Plaintiff for same, in an amount to be determined by the Court, in the event Plaintiff is the prevailing party.

**WHEREFORE**, Plaintiff prays for entry of judgment in its favor against Defendant, as follows:

(i) on Plaintiff's First Cause of Action, a monetary judgment in the amount of at least $133,437.26, or an amount to be determined at trial;

(ii) on Plaintiff's Second Cause of Action, a monetary judgment to be determined by the Court.

Dated: March 18, 2026
New York, New York

**MOORE & GOODMAN, PLLC**

By:    Robert Moore, Esq.
*Attorneys for Plaintiff*
70 Lafayette St., Fl. 3
New York, New York 10013
robert@mooregoodmanlaw.com
Tel. (929) 253-7496

6