moore & goodman pllc
attorneys at law

70 Lafayette Street
Third Floor
New York, NY 10013
P: (917) 740-2910
mooregoodmanlaw.com

June 10, 2026

**VIA ECF**

Honorable Valerie E. Caproni
District Court Judge
Southern District of New York
Courtroom 20C
500 Pearl Street
New York, NY 10007

**Re: ONLY PROPERTIES, LLC v. HAYLEY LOWE,**
**26-CV-02233 (VEC)**

Your Honor,

We represent Plaintiff Only Properties, LLC ("Plaintiff") in this action, and are writing pursuant to this Court's March 26, 2026 Order ("Order 1") (Doc. 9) and June 9, 2026 ("Order 2") (Doc. 10) (collectively, "Orders"), to explain why Plaintiff cannot submit a *joint* letter and case management plan ("CCMP") pursuant to the Orders.

Defendant Hayley Lowe ("Defendant") was a residential tenant of Apt. 6W ("Apartment") at Plaintiff's property located at 510 Broome St., New York, New York ("Premises"). Despite the July 31, 2025 expiration of her lease, she held over until August 26, 2025, at which time she vacated the Apartment and left it in the condition which is the subject of this suit. Upon information and belief, told Plaintiff that her forwarding address was 100 Water Park Road, Wimberly, Texas ("Texas Address").

Since commencement of this suit, Plaintiff has been diligently trying to serve Defendant at the Texas Address. Yesterday, June 9, 2026, the undersigned received the affidavit of service from the Texas process server, as well the affidavit of due diligence, which details the attempts made and notes that the summons and amended complaint were repeatedly posted on the gate of the Texas Address and thereafter removed by someone. Docs. 11 and 12.

Additionally, Defendant was an attorney licensed to practice law in New York. *See* Exhibit 1, Attorney Registration Information. I emailed her yesterday, June 9, 2026 to the email address she registered, and attached *inter alia* the proposed joint letter and case management plan. *See* Exhibit 2, with attached 2-1, 2, 3, and 4. Additionally, this morning, I texted her at the number she registered, and she responded. She stated that she now lives in New Mexico and claims to have never been served. *See* Text Correspondence attached as Exhibit 3. We then spoke on the phone

at 10:22 AM, wherein she informed me that she does not have a permanent residence and moves around a lot but would like to resolve this case. She confirmed that she does have access to and uses her registered email address, LOWEHAYLEY@GMAIL.COM. *See* Exhibits 1, 2. I asked her to stipulate to service and a reasonable date for her to file an answer, and asked her to review the documents contained in the email so we could submit the joint letter and case management plan to this Court by noon. I also advised her that if she was unwilling to do so, I would have to write to this Court by noon and tell the Court what is happening. She said she would review and could not get back to me until 11:30 AM. At 11:21 AM, she then texted claiming she could not access the amended complaint. I immediately texted the amended complaint to her and asked her if she could access it. She has not responded as of the time of filing this letter. *See* Exhibit 4.

Plaintiff respectfully submits that the above provides good cause as to why a joint letter and CCMP could not be submitted by noon today.

Additionally, given Defendant's representations to the undersigned—including that she does not have a permanent address, moves around a lot, but does have access to and uses her registered email address, Plaintiff respectfully requests that it be permitted to serve Defendant with the Summons and Amended Complaint via text message to the number Defendant registered and which she used as recently as 11:21 AM today, to wit, (512) 983-0133. It is clear that Defendant—who was a lawyer licensed to practice law in our state—is playing service games and wasting the time of Plaintiff and this Court.

Respectfully submitted,

Robert Moore