moore & goodman pllc
attorneys at law

70 Lafayette Street
Third Floor
New York, NY 10013
P: (917) 740-2910
mooregoodmanlaw.com

June 10, 2026

**MEMO ENDORSED**

**VIA ECF**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/11/2026

Honorable Valerie E. Caproni
District Court Judge
Southern District of New York
Courtroom 20C
500 Pearl Street
New York, NY 10007

**Re: ONLY PROPERTIES, LLC v. HAYLEY LOWE,**
**26-CV-02233 (VEC)**

Your Honor,

We represent Plaintiff Only Properties, LLC ("Plaintiff") in this action, and are writing pursuant to this Court's March 26, 2026 Order ("Order 1") (Doc. 9) and June 9, 2026 ("Order 2") (Doc. 10) (collectively, "Orders"), to explain why Plaintiff cannot submit a *joint* letter and case management plan ("CCMP") pursuant to the Orders.

Defendant Hayley Lowe ("Defendant") was a residential tenant of Apt. 6W ("Apartment") at Plaintiff's property located at 510 Broome St., New York, New York ("Premises"). Despite the July 31, 2025 expiration of her lease, she held over until August 26, 2025, at which time she vacated the Apartment and left it in the condition which is the subject of this suit. Upon information and belief, told Plaintiff that her forwarding address was 100 Water Park Road, Wimberly, Texas ("Texas Address").

Since commencement of this suit, Plaintiff has been diligently trying to serve Defendant at the Texas Address. Yesterday, June 9, 2026, the undersigned received the affidavit of service from the Texas process server, as well the affidavit of due diligence, which details the attempts made and notes that the summons and amended complaint were repeatedly posted on the gate of the Texas Address and thereafter removed by someone. Docs. 11 and 12.

Additionally, Defendant was an attorney licensed to practice law in New York. *See* Exhibit 1, Attorney Registration Information. I emailed her yesterday, June 9, 2026 to the email address she registered, and attached *inter alia* the proposed joint letter and case management plan. *See* Exhibit 2, with attached 2-1, 2, 3, and 4. Additionally, this morning, I texted her at the number she registered, and she responded. She stated that she now lives in New Mexico and claims to have never been served. *See* Text Correspondence attached as Exhibit 3. We then spoke on the phone

at 10:22 AM, wherein she informed me that she does not have a permanent residence and moves around a lot but would like to resolve this case. She confirmed that she does have access to and uses her registered email address, LOWEHAYLEY@GMAIL.COM. *See* Exhibits 1, 2. I asked her to stipulate to service and a reasonable date for her to file an answer, and asked her to review the documents contained in the email so we could submit the joint letter and case management plan to this Court by noon. I also advised her that if she was unwilling to do so, I would have to write to this Court by noon and tell the Court what is happening. She said she would review and could not get back to me until 11:30 AM. At 11:21 AM, she then texted claiming she could not access the amended complaint. I immediately texted the amended complaint to her and asked her if she could access it. She has not responded as of the time of filing this letter. *See* Exhibit 4.

Plaintiff respectfully submits that the above provides good cause as to why a joint letter and CCMP could not be submitted by noon today.

Additionally, given Defendant's representations to the undersigned—including that she does not have a permanent address, moves around a lot, but does have access to and uses her registered email address, Plaintiff respectfully requests that it be permitted to serve Defendant with the Summons and Amended Complaint via text message to the number Defendant registered and which she used as recently as 11:21 AM today, to wit, (512) 983-0133. It is clear that Defendant—who was a lawyer licensed to practice law in our state—is playing service games and wasting the time of Plaintiff and this Court.

Respectfully submitted,

Robert Moore

Application GRANTED. Typically, service must be effectuated via personal delivery to the Defendant or delivery at the Defendant's "dwelling place" or "actual place of business." N.Y. C.P.L.R. 308(1)-(2). When that fails, service may be effectuated "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by . . . mailing the summons to such person at his or her last known residence." N.Y. C.P.L.R. 308(4). The Court may authorize service by alternative means, including electronically, where traditional means of service are "impracticable." N.Y. C.P.L.R. 308(5). "While the term 'impracticable' is not rigidly defined, courts generally require a factual showing that the plaintiff made genuine efforts to complete service using the CPLR's standard methods and that those efforts were unsuccessful or infeasible." *Yang v. Fei*, No. 24-CV-5055 (RA) (KHP), 2026 WL 114933, at *2 (S.D.N.Y. Jan. 15, 2026). Electronic service may be permissible where such service is "likely to reach the defendant." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021).

Here, Plaintiff has submitted evidence that it (1) attempted unsuccessfully to serve Defendant at her last known residence on three separate occasions, *see* Aff. of Service, Dkt. 12; (2) affixed a copy of the summons and Amended Complaint on her last known residence and mailed a copy thereto, *id.*, and (3) that it has successfully made contact with Defendant via phone and text message and confirmed her email address. Accordingly, the Court finds that service via email and text message is appropriate.

Not later than **Friday, June 12, 2026**, Plaintiff must file a declaration containing (1) a sworn statement recounting its efforts to serve Defendant and its communications with Defendant thus far, and (2) proof that it has sent the summons, the Amended Complaint, and this endorsed letter to Defendant via email and text message. That will be deemed effective service in this case.

The initial pretrial conference scheduled for tomorrow, June 12, 2026, is ADJOURNED to **Friday, July 10, 2026, at 10:00 A.M.** in Courtroom 20C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007. The pre-conference joint letter and proposed case management plan is due **Thursday, July 2, 2026**.

Assuming service is effected in the manner described above, Defendant's deadline to answer or otherwise respond to the Amended Complaint is due **Friday, June 26, 2026.** Plaintiff's reply is due **Friday, July 3, 2026**.

SO ORDERED.

Valerie Caproni 6/11/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE