moore & goodman pllc
attorneys at law

70 Lafayette Street
Third Floor
New York, NY 10013
P: (917) 740-2910
mooregoodmanlaw.com

October 9, 2026

**VIA ECF**

Honorable Valerie E. Caproni
District Court Judge
Southern District of New York
Courtroom 20C
500 Pearl Street
New York, NY 10007

**Re: ONLY PROPERTIES, LLC v. HAYLEY LOWE,**
**26-CV-02233 (VEC)**

Your Honor,

I represent Plaintiff Only Properties, LLC ("Plaintiff") in this action, and I am writing to respectfully request a brief extension of time to file Plaintiff's submission regarding damages in lieu of an inquest which the Court ordered on September 24, 2026 be filed today. The extension I am requesting is until November 13, 2026.

The reason for the extension request is two-fold. First, the principal of Plaintiff was out of state on a private family matter from October 2 through today, and I have not had a meaningful opportunity to meet with him and discuss his declaration and the submission. Second, my understanding of the posture of this case has evolved since the September 24, 2026 appearance. Specifically, I have confirmed that ConEdison physically removed the gas meter to the subject apartment, and that the ConEdison account was solely in the Defendant's name, which is why Plaintiff was not notified until Plaintiff gained possession of the apartment. Plaintiff has filed the requisite documents with the New York City Department of Buildings ("DOB") to enable the installation of a new gas meter, with ConEd approval, but as of today, that work has not been completed. I am informed by my client that our plumber has recently obtained the requisite approvals from the DOB and those repairs are beginning next week.

Due to the delay in restoring the gas meter and gas services to the premises, the work to repair the extensive damage caused by the Defendant-Tenant, which I thought had been performed, has not, in fact, been performed. Immediately after obtaining possession of the apartment, Plaintiff did obtain estimates from a contractor to perform the work necessary in order to restore the apartment to its condition before Defendant damaged it. This restoration work has been on hold until the approval and installation of the new gas meter, as Plaintiff and its contractors are unsure

how much work will be required to restore gas to the premises, and do not want the work restoring the gas to damage a newly renovated apartment. Obviously, this affects Plaintiff's claim for lost rent, and Plaintiff is willing to withdraw that portion of its damages claim, but maintains that Defendant should be fully responsible for the damage she caused and the repairs Plaintiff is forced to make in order to re-rent the apartment. Considering these newly acquired facts, I respectfully request an extension of time so my client's contractors have time to complete the repairs and so I can provide full and complete invoices, enabling a proper submission to the Court.

Respectfully submitted,

Robert Moore